IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH BAKER, BARBARA BAKER, CAMDEN M. BAKER, and A.B., Minor, by Parent BARBARA BAKER, | ) ) ) ) | Case No. 11 C 4197 |
| Plaintiff, | ) ) | The Hon. Harry D. Leinenweber |
| v. | ) ) | Magistrate Judge Mason |
| TIMOTHY GHIDOTTI, *et al.* | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE CLAIM OF FALSE ARREST, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant Officers Jean M. Lindgren, Jesus Vera, and Sergeant Steven Martin (hereinafter, "Defendants") by and through their attorneys, respectfully request that this Court grant them judgment as a matter of law on Plaintiff's false arrest claim pursuant to Federal Rule of Civil Procedure 50. In the alternative, Defendants respectfully request that this Court grant a new trial pursuant to Federal Rule of Civil Procedure 59.

**BACKGROUND**

Plaintiff Kenneth Baker sued Officers Lindgren and Vera and Sergeant Martin, alleging, among other things, that they falsely arrested him and maliciously prosecuted him. At the close of discovery, cross-motions for summary judgment were filed. This Court granted Plaintiffs' Motion for Summary Judgment for Plaintiff Kenneth Baker on the claim of false arrest only. Docket No. 177. Defendants also filed a motion for reconsideration prior to trial, which was denied. Docket Nos. 190, 192. A trial was held, and at the close of the evidence, Defendants both renewed the motion for reconsideration and made a motion for directed verdict on the grounds of qualified immunity for false arrest, both of which were denied. *See* Trial Transcript

(Exh. A), p. 223:18-224:19; 226:16-227:12. The Court instructed the jury that the Defendants did not have probable cause to arrest Baker and that they falsely arrested him. Docket No. 217, p. 32. The jury returned a verdict of $25,000 for Plaintiff Kenneth Baker on the false arrest count and of $5,000 for Plaintiff Kenneth Baker on the malicious prosecution count. Docket No. 215. Defendant now moves for judgment as a matter of law.

## **STANDARD OF REVIEW**

Defendants first seek, pursuant to Federal Rule of Civil Procedure 50(b), entry of judgment as a matter of law in their favor. The court may direct the entry of judgment on a matter of law only if there was not a legally sufficient evidentiary basis for the jury's verdict. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 301 (7th Cir.); *cert. denied*, 131 S.Ct. 643 (2010). The verdict may be overturned if no rational trier of fact could have found for the Plaintiff. *Thomas,* 604 F.3d at 301. In ruling on the motion, "the question is not whether or not the jury believed the right people, but only whether it was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000).

Should the Court deny Defendants' Rule 50(b) motion, Defendants seek a new trial pursuant to Rule 59. A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). In ruling on a motion for a new trial, "the district court has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial. *Mejia v. Cook County*, 650 F.3d 631, 633 (7th Cir. 2011). If this court concludes, based on its review of the evidence "that the verdict is against the manifest weight of the evidence, a new trial is appropriate." *Id.*

**ARGUMENT**

I. **DEFENDANTS ARE ENTITLED TO JUDGMENT IN THEIR FAVOR ON PLAINTIFF'S CLAIM OF FALSE ARREST.**

Due to the Court's prior ruling on the motion for summary judgment, the jury was instructed that Defendants had no probable cause to arrest Plaintiff, and therefore, was liable on the claim of false arrest. Such a finding was contrary to both the evidence presented at summary judgment as well as the evidence presented to the jury. Namely, Defendant Officers were entitled to judgment as a matter of law on the claim because they had both actual and arguable probable cause to arrest Plaintiff.

   a. **Defendants had actual probable cause to arrest Plaintiff, and therefore are entitled to judgment as a matter of law.**

This Court improperly held on summary judgment that the Defendant Officers had no probable cause to arrest Plaintiff. "Probable cause exists when the totality of the circumstances known by the officer would warrant a reasonable person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 714 (7th Cir. 2013). Probable cause demands even less than a probability; it requires more than a bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). "In recognition of the endless scenarios confronting police officers in their daily regimen, courts evaluate probable cause not on the fact as an omniscient observer would perceive them but on facts as they would have appeared to a reasonable person in the position of the arresting officers—seeing what he saw, hearing what he heard." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). "The general rule is that when police have information from a reasonably credible witness that a person has committed a

criminal act, they may rely on that witness's account, even when the suspect himself denies wrongdoing." *Seiser v. City of Chicago,* 762 F.3d 647, 655 (7th Cir. 2014).

Defendants contend that the evidence elicited to the point of summary judgment was sufficient to support a claim for aggravated assault. These arguments are detailed extensively in their motion to reconsider, and Defendants incorporate them by reference here. However, even after summary judgment, the evidence at trial demonstrated that the police were entitled to rely on Timothy Ghidotti's witness account, and therefore had probable cause to arrest. Timothy Ghidotti called 911 and reported that he had been threatened with a gun by the Plaintiff, and the Officers responded to that call. *See* Exh. B, 60:14-62:1. Ghidotti specifically told Officer Lindgren that, after a brief conversation about repossession of a vehicle at Mr. Baker's door, Mr. Baker said "hold on," stepped away from the door, returned to the door holding a gun, then said "get off my property" and to which Ghidotti responded by leaving and running back to his truck. *See* Exh. A, 147:13-23. Officer Lindgren relayed this information to Sergeant Martin, indicating that the man inside had shown a weapon to the victim, and Sergeant Martin spoke to Ghidotti, who confirmed that he felt he had been threatened by a weapon. *See* Exh. A, pp. 170 and 173. During trial, both Ghidotti and the Officers were clear that Ghidotti told the officers that he was unwavering in his belief that he saw a gun in Mr. Baker's hand. *See* Exh. A, 146:18-24; 217:9-16 and Exh. B at 63. Notably, there was no testimony on behalf of anyone else to dispute this account of what was told to the officers. Based on this, no reasonable jury could find that the officers did not have probable cause to arrest Plaintiff for aggravated assault.

In Illinois, a person commits an aggravated assault when the individual, without lawful authority (1) engages in conduct that places another in reasonable apprehension of receiving a battery; and (2) in committing the assault, the respondent uses a deadly weapon. 720 ILCS 5/12-

4

2(a)(1). There was no testimony that there were any physical threats by Mr. Ghidotti to Mr. Baker. To the contrary, Ghidotti testified that Mr. Baker was the one arguing with him prior to retreating into his home. *See* Exh. B, 11:13-17. The only reason for Mr. Baker's actions, during a conversation in which he specifically directed Ghidotti to stay put so that he could retreat into his home and return with a gun, was to convey a threat. When followed and coupled with the words, "get off my property," it is clear that the implication behind the gesture of getting the gun and the words was to convey to Ghidotti that if Ghidotti did not leave his property, Mr. Baker would shoot him. Therefore, the act of going to get the gun and holding it while telling Ghidotti to get off of his property is sufficient to constitute aggravated assault.

### b. Defendants are entitled to qualified immunity because they had arguable probable cause to arrest Plaintiff.

Defendants further raised the issue that the Defendants were entitled to judgment as a matter of law based on qualified immunity at the close of evidence because they had probable cause to arrest the Plaintiff, which, the Court, without awarding full opportunity for argument, denied outright. *See* Exh. A, 226:16-227:12. This was in error, because, even if this Court were to find that the Officers did not have actual probable cause, at a minimum, they had arguable probable cause and are entitled to qualified immunity. "The qualified immunity standard gives ample room for mistaken judgment by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (internal quotations omitted). "Qualified immunity provides shelter for officers who have 'arguable probable cause' to arrest—i.e., those officers that reasonably believe they have probable cause." *Gutierrz v. Kermon*, 722 F.3d 1003, 1008 (7th Cir. 2013). "Arguable probable cause is established when a reasonable police officer in the same circumstances and with the same knowledge as the officer in question *could* have reasonably believed that probable cause

5

existed in light of well-established law." *Fleming v. Livingston County, Ill.*, 674 F.3d 874, 880 (7th Cir. 2012)(emphasis in original).

In this case, this Court erred in denying Defendants' motion for qualified immunity based on probable cause, because, as discussed above, the facts at trial amount to a minimum of arguable probable cause to arrest Plaintiff for aggravated assault. Furthermore, this Court also erred in denying Defendants' motion for qualified immunity because the facts elicited at trial also establish probable cause to arrest Plaintiff for both intimidation and disorderly conduct. "…[A]n arrest can be supported by probable cause that the arrestee committed ***any*** crime, regardless of the officer's belief as to which crime was at issue." *Abbott,* 715 F.3d at 715 (*citing Devenpeck*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

    a. *Disorderly conduct*

First, Plaintiff's conduct as described by Ghidotti to the Defendants clearly amounted to disorderly conduct. Illinois law provides that a person commits disorderly conduct when he does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace. 720 ILCS 5/26-1. The Illinois Supreme Court has rejected the view that such an act need be public. *See People v. Davis*, 413 N.E.2d 413, 415 (Ill. 1980); *see also Abbott*, 705 F.3d at 717 (applying Illinois law and noting that "the conduct at issue need not occur in the public square to threaten to provoke a breach of the peace"). Plaintiff's conduct in retrieving his gun and telling Ghidotti to get off of his property is sufficient to meet the elements of disorderly conduct. *See People v. Rozsavolgi*, 2012 WL 6968494, *1-3 (Ill. App. Ct. 2 Dist. Dec. 10, 2012) (holding that when after an argument, Plaintiff told her neighbor "I oughta get my gun" and went inside her home where the gun purported had been kept was sufficient to constitute disorderly conduct). Thus, the Court's denial of Defendants' motion for a directed verdict on qualified

6

immunity was in error, as Defendants, at a minimum, had arguable probable cause to believe that Baker's actions amounted to disorderly conduct.

### b. Intimidation

Furthermore, Plaintiff's conduct as described by Ghidotti to Defendants also provided arguable probable cause to charge him with intimidation; thus, Defendants are entitled to judgment as a matter of law. "A person commits intimidation when, with intent to cause another to perform or to omit the performance of an act, he or she communicates to another, ***directly or indirectly by any means***, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property…" 720 ILCS 5/12-6. The gravamen of the offense of intimidation is a threat of force, communication of that threat by any means to another person, and intent to cause that other person to perform an act or omit the performance of an act. *People v. Libra*, 268 643 N.E.2d 845, 848 (Ill. App. 1994). "Intent may be deduced by the trier of fact from the facts and circumstances surrounding the offense. *People v. Byrd*, 673 N.E.2d 1074, 1075 (Ill. App. 1996). Multiple courts have held inferred threats constitute the offense of intimidation. *See Libra*, 643 N.E.2d at 201 (threat of physical harm could be inferred from photograph of tombstone and other bizarre communications); *see also People v. Barner*, 890 N.E.2d 724, 729 (Ill. App. 2008) (Defendant was guilty of bank robbery by intimidation when he demanded the teller to give him money while putting his hand in a pursue big enough to carry a weapon, despite the fact that the weapon was never displayed because an ordinary person could have reasonably inferred an implicit threat in the demand).

In this case, Mr. Baker committed the offense of intimidation—namely, his conduct with the weapon and telling Ghidotti to get off his property was an implied threat that if Ghidotti did

not leave the property, he would physically harm him. Furthermore, Ghidotti also testified that Plaintiff told him that if you want to keep coming back, I'll have something for you. *See* Exh. B at 12. Such a threat alone would be sufficient to sustain a charge for intimidation, as any reasonable officer would believe that such a threat was made to prevent Ghidotti from acting to return to the property to attempt to repossess the car. *See People v. Valko*, 559 N.E.2d 104, 111-112 (Ill. App. 1990) (affirming conviction for intimidation where criminal defendant told victim that "something would happen" to victim and his mother if he told about sexual assault); *see also Long v. McDermott*, 2005 WL 309552, **3-4 (N.D. Ill. Feb. 8, 2005) (holding that there was probable cause for intimidation charge where plaintiff told a police officer scheduled to testify against him, "you are a joke, I am going to get you."). As a result, Defendants are entitled to judgment as a matter of law on the basis of qualified immunity, because arguable probable cause existed to arrest Plaintiff.

## II. DEFENDANTS ARE ENTITLED TO A NEW TRIAL.

### a. The Court's denial of summary judgment was erroneous and the issue of liability on Plaintiff's false arrest claim should have gone to the jury.

In the alternative, Defendants are, at a minimum, entitled to a new trial on the false arrest claim where they would be able to present evidence and submit the issue of liability to a jury. As Defendants have argued, in granting summary judgment on Plaintiff's false arrest claim, the Court appears to have determined that Ghidotti's testimony was not reliable due to allegedly changing story and because Mr. Baker was allegedly trying to hide the weapon. *See* Docket No. 178, pp. 12-13. Such credibility determinations must be reserved for trial. *See Allen v. Chicago Transit Auth.*, 317 F.3d 696, 699-700 (7th Cir. 2003) (credibility is a jury determination); *see also Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993) (summary judgment should not be granted if there "is room for a difference of opinion concerning the facts or the

reasonable inferences to be drawn from them.").[1] As a result, because summary judgment was erroneously granted, it was in error to instruct the jury that Defendants were liable for false arrest on the basis that they had no probable cause, and a new trial on that issue is required.

### b. The Court erred in disallowing all evidence of Plaintiff's arrest for failure to register his firearm.

Plaintiff, after voluntarily dismissing his malicious prosecution claim against Defendants for prosecuting him for failing to register his firearm, moved to keep out all evidence of the charge, and the Court granted said motion over objection, finding such information irrelevant. *See* Exh. A, 6:16-22. Defendants argued that such information was relevant to damages; however, the Court further found that getting into the issue of testimony about the gun charge raised an issue of whether such charge was legitimate and "the issues that are raised by the alleged false arrest on the gun charge." Exh. A, 27:13-28:11. The Court further ruled that Mr. Baker could recover one day of wages for when he went to Court on the aggravated assault charge, but the other eight (8) times he missed work for the gun charge were excluded from evidence. Exh. A, 28:12-29:1. Such a ruling was an abuse of discretion and severely prejudiced the Defendants on the damages issue for the false arrest claim.

Mr. Baker was initially arrested on the alleged assault charge, and a weapon was recovered during that arrest. However, as detailed by the offer of proof made in this case, once the Defendants took Plaintiff to the police station, they discovered that his weapon was not registered with the City of Chicago. *See* Exh. A, 231:4-232:7. On the date of the arrest, the City of Chicago Municipal Code stated that "No person shall[,] within the City of Chicago, possess, harbor, [or] have under his control…. Any firearm unless such person is the holder of a valid

---

[1] Defendants incorporate by reference all arguments and supporting case law detailed in their motion for reconsideration (Docket No. 190), but in the interest of time and efficiency, do not rehash every single argument herein.

registration certificate for such firearm…" Chi. Mun. Code § 8-20-140 (2010). Because Defendants had probable cause to believe, at the point that they learned that the firearm was unregistered, damages for Plaintiff's false arrest claim must cease at that time, because from that moment on, his detention was legal. *See Williams v. Jaglowski*, 269 F.3d 778, 784 (7th Cir. 2001) (affirming grant of summary judgment on false arrest claim for Defendants where Defendant Officers had probable cause to believe that Plaintiff violated the Chicago Municipal Code); *see also Williams v. Edwards*, 10 C 1051, 2012 WL 983788, *8 (N.D. Ill. Mar. 22, 2012) (noting that Plaintiff could only recover for unreasonable seizure up until the point the officers discovered contraband which constituted probable cause for his arrest)).

False arrest is shorthand for an unreasonable seizure prohibited by the Fourth Amendment. *Gonzalez v. Village of West Milwaukee,* 671 F.3d 649, 655 (7th Cir. 2012). "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for false arrest." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). As a result, even if, as this Court erroneously held, there was no probable cause for the initial arrest, the seizure became reasonable and the false arrest claim dissipated upon the discovery of information sufficient to establish probable cause. In this case, the evidence would have shown that such evidence was discovered after a mere two hours at the police station. *See* Exh. A, pp. 27-28. As a result, Plaintiff should have not been able to argue or recover for any continued detention past those two hours. Furthermore, because Plaintiff's first court date was for both the assault charge and the firearms charge, Defendants should have been permitted to argue that Plaintiff would have had to miss work for those charges regardless of the false arrest. Because the Court excluded this evidence, Defendant was not permitted to elicit evidence or argue that Defendants damages were limited as a result of these proper and lawful charges. Defendants

10

were prejudiced by this, and the exclusion of this evidence likely resulted in a higher jury verdict. The exclusion of such evidence was clearly both erroneous and prejudicial, and as a result, Defendants are entitled to a new trial.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant them judgment as a matter of law on Plaintiff's false arrest claim pursuant to Federal Rule of Civil Procedure 50. In the alternative, Defendants respectfully request that this Court grant a new trial pursuant to Federal Rule of Civil Procedure 59.

Respectfully submitted,

 */s/Kristin Acuff*
Kristin Acuff
Caroline Fronczak
Assistants Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 742-7035/744-5126
*Attorneys for Defendants*