UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH BAKER, BARBARA BAKER, CAMDEN BAKER, and A. B., Minor, by Parent BARBARA BAKER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11 C 4197 ) |
| TIMOTHY M. GHIDOTTI, BORIS JURKOVIC, RELIABLE RECOVERY SERVICES, INC., JEAN M. LINDGREN, JESUS VERA, STEVEN MARTIN, JUAN M. CABRALES, DENNIS P. WALSH, MICHAEL A. FLORES, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) Judge Harry D. Leinenweber ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S FEE PETITION FOR JUDGMENT OF APPELLATE AND POST-TRIAL ATTORNEY FEES

Plaintiff, Kenneth Baker, by and through his attorneys, Irene K. Dymkar, Torreya L. Hamilton, Daniel H. Regenscheit, and Shamoyita M. DasGupta, hereby petitions the Court for an order granting appellate and post-trial attorneys' fees in the amount of $130,501.50, and submits the following memorandum in support thereof:

**I. Introduction**

This matter proceeded to jury trial and judgment was entered on October 24, 2014. Doc. 216. Plaintiffs filed a petition for attorneys' fees and costs, and the Court rendered its memorandum opinion and order on April 24, 2015. Doc. 250. Plaintiffs appealed said decision on attorneys' fees and costs in a case entitled *Baker v. Ghidotti,* Seventh Circuit 15-2203, and the

Seventh Circuit rendered its decision on June 1, 2017, remanding the case back to the district court for further proceedings. Doc. 275 (certified copy of opinion).

## II. Agreed judgment for trial attorney fees

Plaintiffs made all the necessary calculations and negotiated with defense counsel an agreed judgment that includes the district court's original fee judgment, the additional fees awarded by the Seventh Circuit, and interest. The parties filed a joint stipulation (Doc. 279), and the Court signed the parties' proposed agreed order of judgment for trial attorney fees in the amount of $184,033.25. Doc. 283.

## III. Fee petition for appellate and post-trial attorney fees

The law in this Circuit is very clear that when a party prevails in a civil rights appeal as plaintiff did here, the prevailing attorneys are entitled to recover their reasonable lodestar for the services they provided. Plaintiff therefore asks the Court to award the lodestar of $130,501.50, as computed herein.

### A. Legal standard for adjudicating plaintiff's' fee petition for appellate and post-trial legal work

Courts in this district have acknowledged that "[a]s tempting as it may be to say, 'enough already'" to fee petitions, a plaintiffs' successful appeal encourages attorneys to pursue valid civil rights cases. *Pickett v Sheridan*, 07 C 17222, Doc. 240 at 6 (N.D. Ill. Nov. 13, 2014) (Shah, J.).

Even in cases of mixed judgment "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Thorncreek Apartments I, LLC v. Vill. of Park Forest,* 123 F. Supp. 3d 1012, 1017 (N.D. Ill. 2015) (Feinerman, J.), quoting *Family PAC*

*v. Ferguson*, 745 F.3d 1261, 1268 (9th Cir. 2014); see *Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1050 (N.D. Ill. 2013) (Kennelly, J.) (awarding plaintiff attorneys' fees in "mixed result" appellate decision).

The amount of the fee award is calculated by multiplying reasonable hours times hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is presumptively an appropriate measure of the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). As the Supreme Court has clarified, this "strong presumption that the lodestar figure. . . represents a reasonable fee is wholly consistent with the rationale behind [§1988]." *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989).

**B. Negotiations about appellate and post-trial attorneys' fees have not been successful**

Plaintiff presented a demand of $113,000 based on an initial cursory estimate of appellate and post-trial attorneys' fees for attorneys Irene K. Dymkar, Torreya L. Hamilton, Shamoyita M. DasGupta, and Daniel H. Regenscheit. In a good faith effort to settle this matter, plaintiff reduced the demand to $100,000, and then to $85,000, and said they would consider a further reduction, just to settle the matter. Defendants nevertheless offered only a minimal $9,040.00, which they increased to $15,000,00, before they refused to negotiate any further. Defendants unreasonably maintain that plaintiff's attorney fees should be reduced by 92% of the original demand..

On appeal, defendants hotly contested every calculation, even the mistake made by the Court in the double deduction of fees attributable to work with regard to the Reliable Recovery claims. At oral argument, Justice Rovner, who appeared by video conferencing, was exasperated. See *http://media.ca7.uscourts.gov/sound/2016/gw.15-2203.15-2203_12_05_2016.mp3*. At 11:23

3

on the video, Justice Rovner asked the City appellate attorney point blank whether he would concede that a mistake had been made in the double deduction of hours. The City appellate attorney danced around the issue, saying that maybe the district court had some other reason to take off the hours. At 12:35 on the video, Justice Rovner once again asked the City appellate attorney point blank whether he would concede that a mistake was made in the double deduction of hours. When he had no choice but to admit to the miscalculation, the City attorney finally did so, and Justice Rovner audibly gasped in frustration. The audio then cuts out as she is saying "Then why did you . . ." and when the attorney told Justice Rovner that the audio had cut out, she said, "It's probably good that I cut out because I'm just so . . .[audio cuts out again]." At 14:27, the City attorney apologized to Justice Rovner for sounding like he was "trying to equivocate."

Justice Rovner likewise at 14:44 expressed frustration at the City's position regarding the bill of costs. "I am troubled that defendants recovered *all* of their costs, given that you did lose some of the claims." The Court ultimately ruled that the district court did not abuse its discretion in awarding defendants their entire bill of costs and denying plaintiffs their entire bill of costs. Regardless of the final decision of the Court, when one listens to the entire oral argument, many of the court's questions were favorable to plaintiff. This was not a frivolous appeal by any means, but one which the Court took seriously.

Unfortunately, the parties cannot disclose the substance of the protracted negotiations with the mandatory Seventh Circuit Rule 33 settlement conference mediator prior to the filing of the briefs on appeal. Pursuant to the Court's rules:

> The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

4

Suffice it to say that the settlement conference was a missed opportunity to settle this case without having to brief and argue the appeal.

This Court noted in its 2012 decision in *Gilfand v. Planey,* 2012 WL 5845530 *16-17 (N.D.Ill. Nov. 19, 2012) that the willingness to engage in reasonable settlement negotiations is an important factor, in that an early settlement keeps litigation from being unduly prolonged and saves court and attorney resources. See *Heder v. City of Two Rivers*, 255 F.Supp.2d 947, 956 (E.D.Wis.2003) (awarding full lodestar because plaintiff offered to settle on reasonable terms; court concluded: "the City has only itself to blame for the disproportionality between the attorneys' fees incurred and the amount Heder recovered . . . and [plaintiffs should not] be forced to swallow expenses incurred largely as a result of the City's approach to this litigation.");

Negotiations about appellate and post-trial attorneys' fees have not been successful Defendants are being unreasonable in asking plaintiff to settle the attorneys' fees for 8% of the original fee demand. Plaintiff should be granted the lodestar.

### C. Plaintiff's lodestar is justified and should be granted

Plaintiff is requesting fees calculated as follows:

| | | | |
|---|---|---|---|
| Irene K. Dymkar | 240.2 hours | $465/hour | $ 111,693.00 |
| Torreya L. Hamilton | 25.1 hours | $465/hour | $ 11,671.50 |
| Daniel H. Regenscheit | 16.8 hours | $125/hour | $ 2,100.00 |
| | | (Prior to bar admission) | |
| | 6.7 hours | $230/hour | $ 1,541.00 |
| | | (Post bar admission) | |
| Shamoyita M. DasGupta | 15.2 hours | $230/hour | $ 3,496.00 |
| | | **TOTAL FEES** | **$ 130,501.50** |

The lodestar is computed by multiplying reasonable attorneys' rates per hour by the reasonable number of hours expended.

### i. Plaintiff's attorney's reasonable rates have been set by Court decision

This Court set Irene K. Dymkar's hourly rate at $425. Doc. 250. Since that time, two Courts have set her hourly rate at $465. *See Nelson v. Lis,* 09 C 883 (Doc. 244 - Opinion March 28, 2017), Pallmeyer, J..; *Wilson v. Baptiste,* 13 C 7845 (Doc 286 - Order issued July 13, 2017), Shah, J. Of note, the *Nelson* case involved a case plaintiff lost at trial, but won on appeal. The attorneys' fees award included both trial work commencing in 2009 and appellate work concluding in 2016. Ms. Dymkar asks the Court to apply the $465 hourly rate for work from January 27, 2015, to the present.

This Court set Torreya L. Hamilton's hourly rate at $450. Doc. 250. Since that time, a Court has set her hourly rate at $465. *See Bellamy v. Watkins,* 15 C 2678 (Doc. 192 - Opinion August 25, 2017), Chang, J. Ms. Hamilton asks the Court to apply the $465 hourly rate.

Two Courts have set Daniel H. Regenscheit and Shamoyita DasGupta's hourly rate at $230. *See Nelson* (Doc 244), *Wilson* (Doc 286). Their biographical affidavits are attached as Exhibits A and B respectively. Mr. Regenscheit and Ms DasGupta ask the Court to award them the $230 hourly rate for their attorney time. It must be noted that some of the work performed by Mr. Regenscheit took place prior to his admission to the bar, so for that clearly delineated time, plaintiff is asking for the paralegal rate previously set by the Court, that is, $125/hour.

### ii. The hours expended in this case are reasonable and should be approved

Attached are the time and work records for Irene K. Dymkar, totaling 240.2 hours (Exhibit C), for attorney Torreya L. Hamilton, totaling 25.1 hours (Exhibit D), for attorney Daniel H. Regenscheit, totaling 23.5 hours (Exhibit E), and for attorney Shamoyita M. DasGupta, totaling 15.2 hours (Exhibit F).

Ms. Dymkar's hours encompass all post-trial work, including protracted settlement negotiations with the Seventh Circuit, drafting the opening and reply briefs, oral argument, and fee petition issues.

Plaintiff's attorneys' practice is to keep track of time spent on legal work contemporaneously with the work performed. Thus, the time sheets submitted are not reconstructions of what the time might have been for the work performed; it is the actual time. It is also the practice of plaintiff's attorneys to keep track of time spent on legal work in 1/10's of an hour, that is, in 6-minute increments, even though it appears to be the standard practice in this community for attorneys to keep track of time in 1/4 hours. The practice of using 1/10-hour increments enhances the accuracy of the time reporting and eliminates the "rounding-up" that inevitably occurs when the lowest increment of time is 1/4 hour, or 15 minutes.

The hours expended in this case by plaintiff's counsel are reasonable and should be approved by the Court.

## VIII. Conclusion

Plaintiff, Kenneth Baker, respectfully requests that the Court grant his attorneys' fees petition and award in full the lodestar of **$130,501.50**, as set forth herein.

Dated: September 5, 2017      /s/   Irene K. Dymkar
                                    Irene K. Dymkar

Attorneys for Plaintiff:
Irene K. Dymkar                         Torreya L. Hamilton
Daniel H. Regenscheit                   The Hamilton Law Office, LLC
Shamoyita M. DasGupta                   53 W. Jackson, Suite 452
Law Offices of Irene K. Dymkar          Chicago, IL 60603
53 W. Jackson Street, Suite 562         (312) 726-3173
Chicago, IL 60604-3420
(312) 345-0123

# CERTIFICATE OF SERVICE

      I, Irene K. Dymkar, an attorney, certify that on the 5th day of September, 2017, a copy of this notice, as well as the motion of which it gives notice, were served upon the attorneys for defendants named above through the Court's electronic filing system.

                                    Caroline Fronczak
                                    City of Chicago Department of Law
                                    30 N. LaSalle St., Suite 900
                                    Chicago, IL 60602

Dated: September 5, 2017                          /s/    Irene K. Dymkar
                                                                        Irene K. Dymkar