**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KENNETH BAKER, BARBARA BAKER, CAMDEN BAKER, and A.B., Minor, by Parent BARBARA BAKER,**<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**TIMOTHY M. GHIDOTTI, BORIS JURKOVIC, RELIABLE RECOVERY SERVICES, INC., JEAN M. LINDGREN, JESUS VERA, STEVEN MARTIN, JUAN M. CABRALES, DENNIS P. WALSH, MICHAEL A. FLORESE, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and THE CITY OF CHICAGO,**<br><br>　　　　　　Defendants. | **Case No. 11 C 4197**<br><br>**Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Baker ("Baker") has filed a Petition to Recover Attorneys' Fees against Defendants Timothy M. Ghidotti, Boris Jurkovic, Reliable Recovery Services, Inc., Jean M. Lindgren, Jesus Vera, Steven Martin, Juan M. Cabrales, Dennis P. Walsh, Michael A. Flores, the City of Chicago, and several Doe Chicago police officers. (ECF No. 287.) For the reasons stated herein, Plaintiff's Petition for Fees is granted in part and denied in part, and Defendants' Motion to Strike Plaintiff's arguments regarding settlement negotiations is denied.

## I. BACKGROUND

In 2014, Baker sued Defendants on § 1983 grounds and won a jury verdict on two of the six claims he pursued at trial. The jury awarded Baker $25,000 in damages on his false arrest claim and $5,000 on his malicious prosecution claim. The Court awarded Baker attorneys' fees pursuant to 42 U.S.C. § 1988 in an opinion that the Seventh Circuit affirmed in part and vacated and remanded in part. *See, Baker v. Ghidotti,* No. 11 C 4197, 2015 WL 1888004, at *8 (N.D. Ill. Apr. 24, 2015), *aff'd in part, vacated in part sub nom. Baker v. Lindgren,* 856 F.3d 498 (7th Cir. 2017). Both parties then agreed to a joint stipulation (ECF No. 279) for attorney's fees in light of the Seventh Circuit's ruling, and this Court ordered fees accordingly. (*See,* ECF No. 283.) Now, Baker brings a new Petition for Attorneys' Fees related to the 2017 appeal and other post-judgment lawyering.

## II. DISCUSSION

The Civil Rights Attorney's Fees Award Act, 42. U.S.C. § 1988, allows the award of "reasonable attorney's fee[s] to the prevailing party in various kinds of civil rights cases, including suits brought under § 1983." *Fox v. Vice,* 563 U.S. 826, 832-33 (2011) (internal quotations omitted). The statute serves the dual purpose of reimbursing plaintiffs for

vindicating important civil rights and holding accountable violators of federal law. *See, id.* However, a defendant "need only compensate plaintiff for fees to the extent plaintiff succeeds; losing claims are not compensable." *Kurowski v. Krajewski,* 848 F.2d 767, 776-77 (7th Cir. 1988).

In awarding fees under § 1988, a court's first step is to determine whether the party seeking fees is entitled to "prevailing party" status. *Gibson v. City of Chi.,* 873 F. Supp. 2d 975, 982 (N.D. Ill. 2012). Under one formulation approved by the Supreme Court, "plaintiffs may be considered prevailing parties for the purpose of awarding attorneys' fees if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit." *Lindgren,* 856 F.3d at 503 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

Although in limited form, Baker was a prevailing party on appeal. Defendants point out that he raised eleven arguments on appeal but succeeded on only one of them, namely that this Court made an arithmetic error when it double-discounted some 77.9 hours of billable work. Defendants assert that such a win is "trivial" and does not entitle Baker to "prevailing party" status. (*See,* Defs.' Resp. at 6, ECF No. 288.) But while his appellate victory amounted to a technical correction, its effect

on Baker was significant. After his appeal, Baker won an additional $17,866.46 in attorneys' fees from Defendants, which is about 10% of the $184,033.25 total he has received in fees in this case so far. (*See,* Joint Stipulation at 2, ECF No. 279). Under *Hensley*'s "generous formulation," Baker is a prevailing party for the purposes of reaching the § 1988 statutory threshold. 461 U.S. at 433. Still, the Court must determine what fee is reasonable. *Id.*

To calculate reasonable attorneys' fees under § 1988, courts apply the "lodestar method," which multiplies the attorneys' reasonable hourly rates by the number of hours they reasonably expended. *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205,* 90 F.3d 1307, 1310 (7th Cir. 1996) (citing *Hensley,* 461 U.S. at 433). The party requesting fees carries the burden of establishing their reasonableness. *McNabola v. Chi. Transit Auth.,* 10 F.3d 501, 518 (7th Cir. 1993). Once the Court has arrived at a base lodestar figure, it may adjust the award in light of the factors identified in *Hensley* that are not already subsumed into the initial lodestar calculation. *See, People Who Care,* 90 F.3d at 1310 (citing *Hensley,* 461 U.S. at 434 n.9). These factors include "the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher v. Law Offices*

*of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009).

**A. Lodestar Calculation**

Plaintiff seeks a total of $130,501.50 in appellate and post-trial attorneys' fees, calculated as follows:

| *Attorney* | *Hourly Rate* | *Hours* | *Total per Attorney* |
|---|---|---|---|
| Irene K. Dymkar | $465 | 240.2 | $111,693.00 |
| Torreya L. Hamilton | $465 | 25.1 | $11,671.50 |
| Daniel H. Regenscheit (pre-bar admission) | $125 | 16.8 | $2,100.00 |
| Daniel H. Regenscheit (post-bar admission) | $230 | 6.7 | $1,541.00 |
| Shamoyita M. DasGupta | $230 | 15.2 | $3,496.00 |

*1. Hourly Rates*

The Court begins by examining counsels' claimed hourly rates. In determining a reasonable hourly rate, attorneys' fees awarded under Section 1988 "are to be based on market rates for services rendered." *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 283 (1989). "The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care,* 90 F.3d at 1310 (quoting *Gusman v. Unisys*

*Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)). The next best evidence of a reasonable fee is the rate charged by lawyers in the community of comparable skill, experience, and reputation. *Id.* Previous fee awards are also "useful for establishing a reasonable market rate." *Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs,* 553 F.3d 487, 491 (7th Cir. 2009).

In consideration of Baker's last petition for fees, this Court reasoned through Dymkar and Hamilton's respective degrees of experience, previous fee awards, and the rates earned by other civil rights attorneys. *Baker,* 2015 WL 1888004, at *3. The Court concluded that Dymkar's fees should be awarded at a $425/hour rate and Hamilton's fees should be awarded at a $450/hour rate. The Court adopts those findings again in this opinion.

Baker's previous petition did not ask the Court to consider appropriate rates for attorneys Regenscheit and DasGupta, so the Court must do so now for the first time in this case. First, the Court agrees with Baker that Regenscheit should be limited to the paralegal rate of $125/hour for work done before his admission to the bar. (Baker's Fee Pet. at 6, ECF No. 287; *Baker,* 2015 WL 1888004, at *4 (finding an hourly rate of $125 to be reasonable for paralegal work).) But for Regenscheit's post-admission work and for DasGupta's work generally, the Court

agrees with the recent and well-reasoned findings by other courts in this District that $230/hour is a reasonable rate of compensation for these attorneys. *See,* Mem. Op. and Order, *Nelson v. Lis,* (March 28, 2017) (No. 09 C 883), ECF No. 244; Order, *Wilson v. Baptiste,* (July 13, 2017) (No. 13 C 7845), ECF No. 286.

### *2. Hours Billed*

The Court next turns its attention to the number of hours billed, which cannot be "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. Defendants objected on specific grounds to Baker's last fees petition, but they raise no such objections now. The Court has reviewed the time sheets submitted by Baker's counsel and does not see the same problems it and Defendants noted last time around, such as attorneys billing for paralegal work or "unnecessary" billing (*e.g.*, billing for "a motion hearing when nothing appears on the docket." *Baker,* 2015 WL 1888004, at *5). Accordingly, the Court will not strike any specific time entries.

### *3. Lodestar Adjustment*

Based on the corrected hourly rates, Plaintiff's lodestar is recalculated as $120,517.00:

| *Attorney* | *Hourly Rate* | *Hours* | *Total per Attorney* |
|---|---|---|---|
| Irene K. Dymkar | $425 | 240.2 | $102,085.00 |

| Attorney | Hourly Rate | Hours | Total per Attorney |
|---|---|---|---|
| Torreya L. Hamilton | $450 | 25.1 | $11,295.00 |
| Daniel H. Regenscheit (pre-bar admission) | $125 | 16.8 | $2,100.00 |
| Daniel H. Regenscheit (post-bar admission) | $230 | 6.7 | $1,541.00 |
| Shamoyita M. DasGupta | $230 | 15.2 | $3,496.00 |

Having determined the initial lodestar, the Court must determine whether a lodestar adjustment is appropriate based on the *Hensley* factors, including the results obtained, the complexity of the case, and the public interest. *Id.* (citing *Schlacher,* 574 F.3d at 856-57). The most important factor is the "results obtained," which becomes particularly significant in cases where a prevailing party succeeds on only some claims for relief. *Jaffee v. Redmond,* 142 F.3d 409, 413 (7th Cir. 1998). "[W]here a plaintiff has achieved only partial or limited success, the lodestar may be an excessive amount." *Montanez v. Simon,* 755 F.3d 547, 556 (7th Cir. 2014) (citations and internal quotations omitted).

Baker's appeal was neither complex nor likely to have much impact on public policy. *Cf. Baker,* 2015 WL 1888004, at *5

(citing *Schlacher,* 574 F.3d at 856-57) (describing *Hensley* factors). The important consideration, then, must be the results Baker obtained in the court of appeals. In considering Baker's first fee petition, the Court reduced Baker's lodestar by 50% because he succeeded on only two of the six claims he pursued at trial. *Baker,* 2015 WL 1888004, at *6. This time, the Court must determine what reduction is appropriate given that Baker advanced eleven arguments on appeal but won just one of them.

Baker objects to any lodestar reduction because counsels' work on his appeal is "indivisible"—meaning their effort expended on the one winning issue cannot be separated from energies spent on the other ten. Baker suggests that because the appeal required *some* work, it might as well have required *all the work counsel actually did*: "Legal issues regarding attorneys' fees would have been researched and explored whether all issues were ultimately argued or not. A brief with all its necessary preparation and formality would have been filed, whether all issues were addressed or not." (Baker's Reply at 9, ECF No. 289.) But controlling case law disagrees. *See, e.g., Montanez,* 755 F.3d at 556. Writing an appellate brief arguing eleven issues surely takes more time (though precisely how much more is difficult to say) than writing the same brief on one of

those issues only. The Seventh Circuit has explained that in cases such as this, "there is nothing to do but make an across-the-board reduction that seems appropriate in light of the ratio between winning and losing claims." *Richardson v. City of Chi.*, 740 F.3d 1099, 1103 (7th Cir. 2014).

The reduction determination would be much simpler had Baker's counsel broken down their time by legal issue in focus rather than by generic activity. (*See, e.g.,* Dymkar Time Entries 6/17/2016, 6/18/2016, 6/20/2016, *etc.* (all stating simply "Draft Brief").) Defendants undisputedly asked for "the number of hours [plaintiff's counsel] has worked on [their] one prevailing appellate issue," (Email from Defs.' Counsel to Pl.'s Counsel, Ex. A to Defs.' Resp., ECF No. 288-1), but Plaintiff's counsel cited the purported impossibility of that task and refused. Here, counsels' records "do not provide a proper basis for determining how much time was spent on particular claims." *Hensley v. Eckerhart,* 461 U.S. 424, 437 n.12 (1983) (citation omitted). The Court is left to form the most reasonable inference it can from the circumstances.

Defendants suggest that Baker really advanced thirteen different arguments, not merely eleven, on appeal, and so deserve approximately 8% of the lodestar (reflecting roughly one victorious claim out of thirteen). However, the Court is not

convinced that so thin a slice of the initial lodestar is appropriate and reasonable. While Baker's assertions as to the indivisibility of his counsels' efforts are overblown, they are not entirely without merit. Not all efforts in preparing for litigation can be pigeonholed into neat categories. But what categorization there could have been was cut off at the knees when Baker's counsel recorded their time by translucent methods. Considering this and from its review of the time records, the Court concludes that Plaintiff's limited success on appeal justifies a 75% reduction of Plaintiff's $120,517.00 lodestar.

Plaintiff's Petition for Fees is granted in the amount of $30,129.25.

### B. Defendants' Motion to Strike

Defendants bury within their response a motion to strike Plaintiff's argument for greater fees stemming from the parties' unsuccessful, post-appeal settlement negotiations. In the complained-of argument, Plaintiff asserts that Defendant refused to offer more than $15,000 to settle the dispute over appellate counsel fees, even after Plaintiff dropped his ask from $100,000 to $85,000 and suggested he might drop even further. The Court denies the Motion to Strike because a party's abject refusal to negotiate can be a factor in determining the appropriate fee award. *See, e.g., Gilfand v. Planey,* No. 07 C 2566, 2012 WL

5845530, at *16 (N.D. Ill. Nov. 19, 2012) (citing *Moriarty v. Svec,* 233 F.3d 955, 967 (7th Cir. 2000) ("Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation.")). Yet while refusals can be relevant, the Court is not much persuaded by the alleged refusal here. First of all, Baker apparently did not provide any post-trial billing records to Defendants during these negotiations (Defs.' Resp. at 10 (explaining without contradiction from Baker that Defendants saw these records for the first time when Baker filed the instant petition in September 2017); *cf.* Pl.'s Reply at 5 (describing that Plaintiff did provide Defendants with a "rough estimate of the total hours" and stating that Defendants "were not interested in the total number of hours," but only in the hours spent on the one winning issue).) This perhaps marks Baker's *second* failure in this case to comply with Local Rule 54.3, which requires each party to produce upon request "the time and work records on which the motion will be based [and also] the hours for which compensation will and will not be sought." Local R. 54.3(d)(1); *see, Baker,* 2015 WL 1888004, at *2 (describing the Rule and Baker's prior disregard for it). At the very least, Defendants requested the latter; as already

described, however, Plaintiff never provided that breakdown. Without this information in hand, Defendants' settlement figures must have been guided more by guesswork than they otherwise would have been. Baker can hardly complain, then, that Defendants' settlement numbers were lower than he would have preferred. To any extent, the Court has determined that $30,129.25 is an appropriate fee award, which is about double Defendants' final settlement offer. This number is reasonable and avoids foisting additional costs stemming from Defendants' negotiating behavior upon Baker who, again, won only one of his eleven arguments on appeal.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Petition for Fees (ECF No. 287) is granted in part in the amount of $30,129.25. Defendants' Motion to Strike is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 4/3/2018